UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMON A. THOMPSON, | ) | 1:08CV0151 |
| | ) | |
| Petitioner | ) | JUDGE DONALD NUGENT |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| RICH GANSHEIMER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner Ramon A. Thompson ("Thompson") filed a petition for a writ of habeas corpus arising out of his July 2004 convictions for three drug offenses in the Cuyahoga County (Ohio) Court of Common Pleas.  (Doc. 1.)  In his petition, Thompson raises a single ground for relief:  "Department of Rehabilitation + Cor. lack jurisdiction to terminate petitioner's seventeen (17) month sentence." (Doc. 1, at §12.)  The respondent argues that the petition should be barred as untimely. (Doc. 11, at 11.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

. . . [Thompson] has been continuously incarcerated in the Ohio prison system since August 2004. Prior to that date, [Thompson] had been convicted of criminal offenses in two separate proceedings before the Cuyahoga County Court of Common Pleas. In the first action,

Cuyahoga C.P. No. CR-01-405065-ZA, a jury had found him guilty of three felony drug offenses, and he had been sentenced to an aggregate term of seventeen months. In the second case, Cuyahoga C.P. No. CR-02-418761-ZA, he had been found guilty of having a weapon under a disability, felonious assault, and a three-year firearm specification. For his sentence in this latter case, the trial court ordered him to serve an aggregate term of ten years.

After [Thompson] had begun to serve the terms in the first two actions, he was returned to Cuyahoga County for the purpose of proceeding in Cuyahoga C.P. No. CR-02-431683-A. Ultimately in that case, [Thompson] entered a guilty plea to one count of possession of drugs, a fifth-degree felony, and was sentenced to a new term of six months. As part of the sentencing judgment in the third case, the trial court ordered that the six-month term was to be served concurrently with the ten-year term in the second case and any "other" sentence which had been imposed against [Thompson].

(Doc. 11, RX 9, at 2; State ex rel. Thompson v. Gansheimer, No. 2006-A-0086, 2007 WL 1965466, at *1 (Ohio Ct. App. July 6, 2007) (per curiam).)

Thus, Thompson was sentenced to an aggregate term of seventeen (17) months in the CR-405065 case on July 8, 2004.  (Doc. 11, RX 3.)  Assuming that Thompson had not received any credit for time served, good behavior, or other reasons, his sentence on that conviction ordinarily would have expired sometime prior to January 2006.

Thompson filed a notice of appeal in the state court of appeals on Jan. 27, 2005 (doc. 11, RX 4), but his appeal was dismissed on March 21 for failure to file the record in accordance with the state's rules.[1]  (Doc. 11, RX 5-6.)

---

[1] The respondent points out that Thompson's failure to file an appeal of this judgment results in the expiration of the one-year habeas statute of limitations on Nov. 17, 2005.  (Doc. 11, at 11.)

2

On March 2, 2006, Thompson filed a motion for jail time credit in the CR-405065 case, although he was incarcerated at the time for other crimes, as noted above.  (Doc. 11, at 2-3, and RX 7.)  The trial court granted the motion (doc. 11, RX 8), at which point the Ohio Bureau of Sentence Computation recognized that his sentence in the CR-405065 case had expired.  See, e.g., doc. 11, RX 13, at 5; see generally doc. 1, PX 5-6.  He remained incarcerated on other, unrelated convictions, however.

On Dec. 14, 2006, Thompson filed a pro se petition for a writ of habeas corpus in state court.  The state petition was denied through the granting of the warden's motion for summary judgment.  (Doc. 11, RX 9, at 2; State ex rel. Thompson v. Gansheimer, No. 2006-A-0086, 2007 WL 1965466, at *1 (Ohio Ct. App. July 6, 2007) (per curiam).)  Thompson appealed to the state high court (doc. 11, RX 11 and 13), which affirmed the judgment below on Dec. 19, 2007.  (Doc. 11, RX 15; Thompson v. Gansheimer, 116 Ohio St.3d 349, 879 N.E.2d 199 (2007).)

Thompson filed this petition for a writ of habeas corpus on Jan. 17, 2008.  (Doc. 1.)  Thompson's federal habeas petition challenges his custody on the July 2004 conviction in the CR-405065 case.[2]  (Doc. 1, at §§ 1-2.)  He claims that "he is in unlawful custody due to improper conveyance procedures conducted by the trial

_____

[2] Thompson has a separate petition for writ of habeas corpus, on separate grounds,  pending before this court on his August 2004 conviction in the CR-418761 case, which is not addressed in this Report and Recommendation.  See generally Thompson v. Gansheimer, No. 1:08CV0027 (N.D. Ohio).

3

court," specifically that he was not transferred from county jail to the state prison within five days of his sentence, pursuant to Ohio Rev. Code § 2949.12.  (Doc. 14, at 1; doc. 11, RX 9, at 2-3.)

## II.  HABEAS JURISDICTION

Reviewing the evidentiary materials filed by the parties, the court discerns that its subject matter jurisdiction is in doubt.  This court has the power, and the responsibility, to address its subject matter jurisdiction at any time, whether raised by a party or sua sponte.  Lacey v. Gonzales, 499 F.3d 514, 518 (6th Cir. 2007) (quoting United States v. Ruiz, 536 U.S. 622, 628 (2002)); Lane v. City of LaFollette, Tenn., 490 F.3d 410, 423 n.5 (6th Cir. 2007) (court has "independent obligation to determine subject matter jurisdiction"); Adkins v. Excel College of Corbin, Inc., 21 F.3d 427, 1994 WL 124268, at *2 (6th Cir. 1994) (TABLE, text in WESTLAW) (per curiam) (citing Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992)).

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are ' in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)); see also 28 U.S.C. § 2254(a); Leslie v. Randle, 296 F.3d 518, 521 (6th Cir. 2002).

The Supreme Court has interpreted the habeas statute to require that the petitioner "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-491; Ferqueron v. Straub, No. 02-1753, 2002 WL 31828191, at *1 (6th Cir. Dec. 13, 2002), cert. denied, 540 U.S. 882 (2003). In other words, a habeas petitioner "satisfies the 'in custody' requirement by directly attacking a sentence that he is currently serving." White v. Kapture, No. 01-2490, 2002 WL 857741, at *2 (6th Cir. May 3, 2002) (citing Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-402 (2001)).

When a petitioner's sentence for a conviction has expired, the conviction may not be challenged in habeas because the petitioner is no longer "in custody" pursuant to that conviction.[3] Ferqueron, 2002 WL 31828191, at *1 (citing Lackawanna, 532 U.S. at 401); White, 2002 WL 857741, at *1.

In ruling on his state petition for habeas corpus, the state court of appeals determined, in July 2007, that Thompson was then incarcerated solely on the basis of the ten-year sentence in the CR-418761 case, which the court noted "was a separate criminal proceeding base on a distinct indictment." (Doc. 11, RX 9, at 5; Thompson, 2007 WL 1965466, at *3.) The Ohio Supreme Court affirmed that judgment in a written opinion. (Doc. 11, RX 15; Thompson v. Gansheimer, 116 Ohio St.3d 349, 879 N.E.2d 199 (2007).) Thompson himself admits that his sentence in

---

[3] There is an exception to the general rule, involving sentence enhancement based on a prior conviction "where there was a failure to appoint counsel in violation of the Sixth Amendment," which is inapplicable here. Lackawanna, 532 U.S. at 404.

the CR-405065 case had expired prior to January 31, 2006.  (Doc. 14, at 1; doc. 1, memorandum in support, at 2; doc. 11, RX 13, at 1.)  Thompson concedes that he is still in custody "pursuant to state judgment rendered in CCP CR-418761."  (Doc. 14, at 2, ¶ III.)  This petition for a writ of habeas corpus was filed on Jan. 17, 2008. (Doc. 1.)

Although Thompson is currently incarcerated, he is not seeking relief (through this petition) from the conviction or sentence upon which his present confinement is based.  See, e.g., Leslie, 296 F.3d at 522.  Where the petitioner is no longer "in custody" pursuant to the conviction under attack in his habeas petition, it is proper for the district court to dismiss the petition for lack of jurisdiction. Ferqueron, 2002 WL 31828191, at *2; see also Steverson v. Summers, 258 F.3d 520, 525 (6th Cir. 2001).

Thus, because Thompson's petition challenges the legality of his custody on the July 2004 conviction in the CR-405065 case, for which he is no longer actually incarcerated, this court has no jurisdiction to consider his petition for a writ of habeas corpus, and the petition must be dismissed.

<u>RECOMMENDATION</u>

It is recommended that the petition be dismissed for lack of jurisdiction.


Dated:  Dec. 8, 2008            /s/ Kenneth S. McHargh
                                Kenneth S. McHargh
                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

7