IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RAMON THOMPSON,** | ) | **CASE NO. 1:08 CV 151** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **RICH GANSHEIMER, Warden,** | ) | **Magistrate Judge Kenneth S. McHargh** |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. The Report and Recommendation (Document #15) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on January 17, 2008 (Document #1) is hereby DISMISSED.

**Factual and Procedural History**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

The Ohio Court of Appeals set forth the following factual background:

> . . . [Thompson] has been continuously incarcerated in the Ohio prison system since August 2004. Prior to that date, [Thompson] had been convicted of criminal offenses in two separate proceedings before the Cuyahoga County Court of Common Pleas. In the first action, Cuyahoga C.P. No. CR-01-405065-ZA, a jury had found him guilty of three felony drug offenses, and he had

>been sentenced to an aggregate term of seventeen months. In the second case, Cuyahoga C.P. No. CR-02-418761-ZA, he had been found guilty of having a weapon under a disability, felonious assault, and a three-year firearm specification.  For his sentence in this latter case, the trial court ordered him to serve an aggregate term of ten years.
>
>After [Thompson] had begun to serve the terms in the first two actions, he was returned to Cuyahoga County for the purpose of proceeding in Cuyahoga C.P. No. CR-02-431683-A. Ultimately in that case, [Thompson] entered a guilty plea to one count of possession of drugs, a fifth-degree felony, and was sentenced to a new term of six months. As part of the sentencing judgment in the third case, the trial court ordered that the six-month term was to be served concurrently with the ten-year term in the second case and any "other" sentence which had been imposed against [Thompson].

(Doc. 11, RX 9, at 2; *State ex rel. Thompson v. Gansheimer*, No. 2006-A-0086, 2007 WL 1965466, at *1 (Ohio Ct. App. July 6, 2007) (per curiam).)

Thus, Thompson was sentenced to an aggregate term of seventeen (17) months in the CR-405065 case on July 8, 2004. (Doc. 11, RX 3.) Assuming that Thompson had not received any credit for time served, good behavior, or other reasons, his sentence on that conviction ordinarily would have expired sometime prior to January 2006.

Thompson filed a notice of appeal in the state court of appeals on Jan. 27, 2005 (doc. 11, RX 4), but his appeal was dismissed on March 21 for failure to file the record in accordance with the state's rules. (Doc. 11, RX -56 .)

On March 2, 2006, Thompson filed a motion for jail time credit in the CR-405065 case, although he was incarcerated at the time for other crimes, as noted above. (Doc. 11, at 2-3, and RX 7.) The trial court granted the motion (doc. 11, RX 8 ), at which point the Ohio Bureau of Sentence Computation recognized that his sentence in the CR-405065 case had expired. *See, e.g.*, doc. 11, RX 13, at 5; see generally doc. 1, PX 5- 6 . He remained incarcerated on other, unrelated convictions, however.

On Dec. 14, 2006, Thompson filed a pro se petition for a writ of habeas corpus in state court. The state petition was denied through the granting of the warden's motion for summary judgment. (Doc. 11, RX 9, at 2; *State ex rel. Thompson v. Gansheimer*, No. 2006-A-0086, 2007 WL 1965466, at *1 (Ohio Ct. App. July 6, 2007) (per curiam).) Thompson appealed to the state high court (doc. 11, RX 11 and  13), which affirmed the judgment below on Dec. 19, 2007. (Doc.

11, RX 15; *Thompson v.Gansheimer*, 116 Ohio St.3d 349, 879 N.E.2d 199 (2007).)

Thompson filed this petition for a writ of habeas corpus on Jan. 17, 2008. (Doc. 1.) Thompson's federal habeas petition challenges his custody on the July 2004 conviction in the CR-405065 case. (Doc. 1, at §§ 1-2.) He claims that "he is inunlawful custody due to improper conveyance procedures conducted by the trial court," specifically that he was not transferred from county jail to the state prison within five days of his sentence, pursuant to Ohio Rev. Code § 2949.12. (Doc. 14, at 1; doc. 11, RX 9, at 2-3.)

On December 8, 2008, the Magistrate Judge issued a Report and Recommendation, recommending that Petitioner's Petition be dismissed, in that the Petition challenges the legality of Petitioner's custody relative to his July 24, 2004 conviction in case No. CR-01-405065, a case for which he is no longer incarcerated. Accordingly, the Court does not have jurisdiction to consider the Petition.

Petitioner filed his Objections to the Report and Recommendation on December 19, 2008 (Docket #16). Petitioner argues that Respondent has not presented the appropriate documentation to prove that he is currently in custody pursuant to the sentence imposed in a separate case, Case No. CR-02-418761, rather than Case No. CR-01-405065.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The Court has reviewed the Report and Recommendation *de novo*, and the objections to

the Report and Recommendation raised by Petitioner, and finds the Report and Recommendation to be well-reasoned and correct. The Magistrate Judge thoroughly, exhaustively and comprehensively analyzed all of the issues raised by Petitioner and correctly determined that the Petition should be dismissed, as the Court has no jurisdiction to consider the Petition.

**Conclusion**

The Report and Recommendation issued by Magistrate Judge McHargh (Document #15) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on January 17, 2008 (Document #1) is hereby DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

                                                s/Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: January 12, 2009